IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KATHRYN P. WITTNER**                                                     **PLAINTIFF**

**V.**                                                      **NO. 3:19-CV-3-DMB-JMV**

**RUTH P. SCHWARTZ, et al.**                                              **DEFENDANTS**

## ORDER

Before the Court is the defendants' motion to dismiss for lack of subject matter jurisdiction. Doc. #24.

## I
## Procedural History

On January 3, 2019, Kathyrn Wittner, asserting diversity jurisdiction, filed a complaint in the United States District Court for the Northern District of Mississippi against Ruth Schwartz, Simon Schwartz, the Estate of Thelma R. Pailet, and "John Does 1-8." Doc. #1. The complaint alleges that Ruth, while caring for Thelma Pailet (Kathryn and Ruth's mother), misappropriated, for the benefit of herself and her son Simon, Thelma's funds and property, including funds in a Vanguard Investment Account and a home in Hernando, Mississippi ("Home"), which was quitclaimed to Ruth in 2011. *Id.* at 3–4. The complaint also alleges that Ruth intentionally caused Thelma's death. *Id.* at 13. Based on these allegations, Wittner asserts claims—some on behalf of the Estate and the beneficiaries of the Estate—for breach of fiduciary duty (Count One); "Constructive Trust/Unjust Enrichment" (Count Two); conversion (Count Three); wrongful death (Count Four); and violation of Mississippi's Vulnerable Adults Act (Count Five). *Id.* at 10–14. The complaint seeks the following relief:

> A. An award of compensatory damages in an amount no less than two hundred thousand dollars ($200,000.00), plus incidental, consequential and punitive

  damages against Ruth P. Schwartz in accordance with each count herein listed;
B. Refund and/or return of any Estate assets held by Simon Schwartz;
C. Damages from Defendant for tangible and intangible assets which were converted by Defendant;
D. Damages from Defendant for all legal fees and costs included in this matter;
E. Damages from Defendant for loss of value of the Estate of Thelma Pailet;
F. Damages and Sanctions from the Defendants in violation of the Mississippi Vulnerable Adult Act.

*Id*. at 14–15.

The defendants answered the complaint on February 15, 2019. Doc. #10. On March 18, 2019, United States Magistrate Judge Jane M. Virden directed the parties "to brief the issue of [the] probate exception to federal court jurisdiction …." Doc. #14 at 3. As directed, on April 1, 2019, the parties submitted simultaneous briefs on the probate exception. Docs. #21, #22, #23.[1] On April 10, 2019, the defendants, invoking the probate exception, filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #24. On January 2, 2020, this Court directed the parties to file supplemental briefs addressing the applicability of *Colorado River* abstention to this case. Doc. #33. The parties submitted their supplemental briefs on January 16, 2020. Docs. #34, #36.

## II
## Jurisdictional Motions to Dismiss

"A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[2] *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

---

[1] The defendants initially filed their brief under an incorrect filing code. Their brief was re-filed April 2, 2019. Doc. #23.

[2] Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense of lack of subject-matter jurisdiction before filing a pleading. Where, however, a defendant has filed an answer to the complaint, "a Rule 12(b)(1) motion is not the correct procedural means for challenging the Court's subject matter jurisdiction." *Jo v. JPMC Specialty Mortg., LLC*, 248 F. Supp. 3d 417, 421 (W.D.N.Y. 2017). Rather, such motion should be brought pursuant to Federal Rule of Civil Procedure 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter

# III
# Factual Background

The jurisdictional questions here primarily concern the relation of Wittner's complaint in this case to an ongoing probate proceeding in the Chancery Court of Desoto County, Mississippi, in which Ruth is currently executrix. *See* Doc. #24-7.

On January 29, 2019, Wittner filed in the DeSoto County Chancery Court proceeding a "Complaint Against Executrix, Request for Accounting and Injunctive Relief." Doc. #24-8. Wittner's chancery complaint, which incorporates "[t]he facts and arguments set forth" in the governing complaint in this case, seeks the following forms of relief based on allegations of fraud and conversion against Ruth:

> A. An award of compensatory, incidental, consequential and punitive damages against Ruth P. Schwartz in accordance with the count herein listed;
> B. Damages from Defendant for tangible and intangible assets which were converted by Defendant;
> C. Damages from Defendant for all legal fees and costs incurred in this matter;
> D. Damages from Defendant for loss of value of the Estate of Thelma Pailet:
> E. Revocation of the Letters of Administration from the Executrix and Removal of Executrix;
> F. An accounting of all funds received by Ruth P. Schwartz on behalf of Thelma Pailet, the Estate of Thelma Pailet, and/or a "Trust" for Thelma Pailet;
> G. An inventory of all property belonging to Thelma Pailet:
> H. Injunctive relief to hold any assets of Thelma Pailet in trust until a resolution of this Complaint.

*Id.* at 2, 3–4. The same day, Wittner filed a motion to hold Thelma's will invalid and to remove Ruth as executrix of the Estate. Doc. #24-9. Wittner also challenges in the Chancery Court the quitclaim deed to Ruth for the Home. Doc. #24-11.

---

jurisdiction, [it] must dismiss the action." "For purposes of analysis, except for the pre-answer limitation on Rule 12(b)(1) motions, the distinction between a Rule 12(b)(1) motion and a Rule 12(h)(3) motion is largely academic, and the same standards are applicable to both types of motions." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 95 (E.D.N.Y. 2019) (cleaned up). Because the standards are the same, a court may construe a post-answer 12(b)(1) motion as a motion brought under Rule 12(h)(3). *Jo*, 248 F. Supp. 3d at 422. The defendants here filed their Rule 12(b)(1) motion after filing their answer. Accordingly, while the motion is properly deemed a Rule 12(h)(3) motion, Rule 12(b)(1) standards control the motion's disposition.

# IV
# Analysis

The exercise of jurisdiction in this case involves two separate jurisdictional doctrines—*Colorado River* abstention and the probate exception to federal jurisdiction.

## A. *Colorado River* Abstention

"Federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (cleaned up). However, in *Colorado River Water Conservation District v. United States*,[3] the United States Supreme Court held that a district court may abstain from exercising its jurisdiction and "await[] the conclusion of state-court proceedings in a parallel case …." *McCall*, 888 F.3d at 135. For *Colorado River* abstention to be appropriate, a state proceeding must be "ongoing" and "parallel," and "extraordinary circumstances [must] caution against exercising concurrent federal jurisdiction." *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017).

The parties do not dispute that the chancery action is ongoing within the meaning of *Colorado River*. Accordingly, the Court must first decide whether the chancery action is "parallel" with this case.

"Parallel actions typically involve the same parties, but the identity of the parties is not determinative." *Air Evac EMS*, 851 F.3d at 520 (quotation marks omitted). Rather, a court should "look both to the named parties and to the substance of the claims asserted to determine whether the state proceeding would be dispositive of a concurrent federal proceeding." *Id.* (quotation marks omitted). The focus is on the ultimate impact on the federal *proceeding* (rather than individual

---

[3] 424 U.S. 800 (1976).

claims), such that "[t]he critical question is whether there is a substantial likelihood that the state litigation will dispose *of all claims* presented in the federal case." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (quotation marks omitted and emphasis added); *Spectra Commc'ns Grp., LLC v. City of Cameron*, 806 F.3d 1113, 1121 (8th Cir. 2015).

Despite numerous similarities to the chancery action, this case involves a cause of action for wrongful death which appears wholly unrelated to the claims in state court. Given this, there is no possibility (substantial or otherwise) that the chancery action could resolve this case in its entirety. Accordingly, the claims are not parallel and *Colorado River* abstention is inappropriate. *See Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 252 (5th Cir. 2005) (claim not parallel where the state action did not encompass one of the claims presented in federal action).

### B.  Probate Exception

"Federal jurisdiction ordinarily exists over lawsuits that could have been brought in a state court, so long as complete diversity of citizenship and the requisite amount in controversy are present. For compelling historical reasons, however, a federal court has no jurisdiction to probate a will or administer an estate." *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (cleaned up). This doctrine, known as the probate exception, has been described as a "hoary, judge-made rule"[4] with unclear legal justification. *See Jones v. Brennan*, 465 F.3d 304, 306–07 (7th Cir. 2006) (tracing history of probate exception). In practice, the probate exception

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). "It is clear after *Marshall* that unless a federal

---

[4] *Estate of West v. U.S. Dep't of Veterans Affairs*, 895 F.3d 432, 434 (6th Cir. 2018).

court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." *Goncalves ex rel. Goncalves v. Rady Children's Hosp. of San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) (collecting cases). The probate exception is claim specific, such that inclusion of one claim prohibited by the probate exception does not require dismissal of all claims. *Jones*, 465 F.3d at 308.

Here, the defendants argue the complaint in this case would cause this Court to assume jurisdiction over estate property because the various properties referenced in the complaint, including the Home, are "sought by plaintiff as means of compensation" and are within the custody of the Chancery Court.[5] Doc. #25 at 7. The defendants further contend that this action improperly "challenges the validity of Pailet's Will." *Id.* at 8–9. Wittner responds that she "is **not** asking this Court to grant her the Vanguard accounts, the subject house …, or any item belonging to the Estate of Thelma Pailet. The Plaintiff is asking for general damages payable **only by Ruth P. Schwartz and/or Simon Schwartz**." Doc. #22 at 8.

First, while the complaint does not expressly seek invalidation of the will currently subject to probate, it includes an allegation, incorporated by reference in each claim, that Thelma "lacked testamentary capacity" at the time she signed the will. Doc. #1 at ¶ 36. Determinations of the validity of a will in probate fall squarely within the probate exception's jurisdictional exclusion. *See Stuart v. Hatcher*, 757 F. App'x 807, 809 (11th Cir. 2018) (court lacks jurisdiction over claims "which would require [it] to … annul a will"). To the extent Wittner's claims would require this

---

[5] The defendants also argue that Wittner's proposed amended complaint, which she has not been granted leave to file, implicates the probate exception because it requests relief which would involve "an order governing the legal control of estate funds and property, and … an accounting to determine Estate assets, including assets of the heirs." Doc. #30 at 4. To the extent the proposed amended complaint is not the operative pleading, it has no relevance to the probate exception inquiry.

6

Court to determine whether Thelma lacked testamentary capacity at the time she executed the will, such claims must be dismissed.

Turning to the defendants' arguments concerning property of the Estate, nothing in the complaint suggests that Wittner seeks as recovery any of the *property* allegedly misappropriated. Rather, Wittner seeks to recover, on behalf of herself and the Estate, funds in control of the Schwartzes *as damages* for Ruth's misconduct.[6] Such claims, which do not touch on property in the custody of the Chancery Court, do not implicate the probate exception. *See Wolfram v. Wolfram*, 78 F. Supp. 3d 758, 766 (N.D. Ill. 2015) ("[B]reach of fiduciary duty and fraud claims … are routinely held to fall outside the probate exception—even when probate litigation is ongoing in state court—because they are *in personal*, as opposed to *in rem*, claims.") (collecting cases). Even if Wittner sought to recover specific property on behalf of Thelma's estate, the probate exception, which allows parties to seek *the return* of estate property, would not prohibit such claims. *See Osborn v. Griffin*, 865 F.3d 417, 435 (6th Cir. 2017) ("[P]roperty that a party *removes* from a decedent's estate prior to his death is not part of the *res* that is distributed by the probate court. Thus, ordering a defendant to disgorge the profits acquired from such property does not [implicate the probate exception]."); *Capponi v. Murphy*, 772 F. Supp. 2d 457, 466 (S.D.N.Y. 2009) ("Where a plaintiff seeks to recover assets allegedly in a defendant's possession so that they may be returned to the estate, the probate exception does not apply.") (cleaned up) (collecting cases).

In sum, Wittner's claims premised on an allegation that Thelma lacked testamentary capacity are barred by the probate exception. Her remaining claims are not.

---

[6] It is unclear why the Estate is named as a defendant when relief only against the Schwartzes is sought and when no misconduct on Thelma's part is alleged. Nevertheless, to the extent Wittner does seek a judgment against the Estate, this would not run afoul of the probate exception. *Turton v. Turton*, 644 F.2d 344, 347 (5th Cir. 1981).

# V
# Conclusion

*Colorado River* abstention is inappropriate in this case.  Furthermore, based on the Court's consideration of the probation exception, the defendants' motion to dismiss [24] is **GRANTED in Part and DENIED in Part**.  The motion is GRANTED to the extent it seeks dismissal of Wittner's claims premised on Thelma's incapacity to execute the will in probate.  The motion is DENIED in all other respects.

**SO ORDERED** this 20th day of February, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**